# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 25, 2023

Julian Karpoff
33026 W. Falling Creek Street
Lewes, Delaware 19958
captainkarpoff@outlook.com

David C. Hutt, Esquire
Morris James, LLP
107 W. Market Street
Georgetown, Delaware 19947

Vincent G. Robertson, Esquire
Parkowski, Guerke & Swayze, P.A.
19354C Miller Road
Rehoboth Beach, Delaware  19971

RE:   *Julian Karpoff v. Atlantic Concrete Co., Inc. and Sussex County,*
Civil Action No. 2022-0621-SEM

Dear counsel and Mr. Karpoff,

I write to address plaintiff Julian Karpoff ("Plaintiff")'s exceptions to

Magistrate Molina's February 28, 2023 Final Report.[1]  The Final Report dismissed

Plaintiff's claims in favor of a first-filed Sussex County Board of Adjustment

proceeding.  Plaintiff's exceptions are limited to the decision to issue that report

notwithstanding Plaintiff's pending motion for leave to file an amended complaint,

which he filed after the motion to dismiss was taken under advisement.[2]  Plaintiff

---

[1] *Karpoff v. Atlantic Concrete Co., Inc.*, 2023 WL 2260588 (Del. Ch. Feb. 28, 2023) [hereinafter "Final Report"].  The Final Report is also available at Docket Item ("D.I.") 63.

[2] Final Report at *1 n.1.

then filed a second motion to amend. For the reasons that follow, I remand consideration of Plaintiff's motions to amend to the Magistrate for her consideration. On this procedural matter, I rely on the parties' familiarity with the underlying dispute.

## I. Background

On November 7, 2022, the Magistrate heard oral argument on defendant Atlantic Concrete Co., Inc.'s motion to dismiss, as well as a motion by defendant Sussex County to compel election of a single forum, and took the motions under advisement.[3] After those motions were fully briefed, argued, and taken under advisement, Plaintiff filed a motion for leave to amend (the "First Motion") that was docketed on February 6, 2023.[4] The First Motion seeks leave to add a new defendant, the Department of Natural Resources and Environmental Control ("DNREC"), and two new counts pled against DNREC and Atlantic Concrete for abatement and for a declaratory judgment based on violations of the Coastal Zone Act and lack of proper permits.[5]

On February 28, the Magistrate issued her Final Report with the following footnoted language:

---

[3] D.I. 58, D.I. 56, D.I. 57.

[4] D.I. 59, D.I. 62.

[5] D.I. 62.

> On February 6, 2023, the Plaintiff moved for leave to file an amended complaint to add (1) the Department of Natural Resources and Environmental Control as a defendant and (2) two additional counts. D.I. 59-62. The motion is not fully briefed but I decline to delay issuing this report under the rationale of *Hillblom v. Wilmington Tr. Co.*, 2022 WL 17428978, at *1 (Del. Ch. Dec. 6, 2022) (denying a motion to amend without prejudice because "Court of Chancery Rule 15 does not permit a plaintiff to amend his complaint after he filed his answering brief but before the motion to dismiss is decided").[6]

The next day, March 1, Plaintiff's motion to fix a briefing schedule on the First Motion was docketed.[7] As Atlantic Concrete noted in opposition, "Based upon the timestamp, it appears that Mr. Karpoff filed his request before learning that the Court had issued its February 28, 2023 Final Report."[8]

Plaintiff's notice of exceptions was filed on March 7, and the matter was reassigned to me "for the limited purpose of resolving Plaintiff's exceptions to the Master's Final Report."[9] On March 16, Plaintiff renewed his request to establish a briefing schedule and filed another motion for leave to file an amended complaint (the "Second Motion"), which he stated was "without prejudice" to the First Motion.[10] From there, the parties briefed Plaintiff's exceptions; they also briefed

---

[6] Final Report at *1 n.1.

[7] D.I. 64.

[8] D.I. 65 at 1.

[9] D.I. 67, D.I. 68.

[10] D.I. 71 ¶ 1.

the propriety of the Second Motion.[11]  Plaintiff has requested oral argument, but I do not find it necessary.

## II. Analysis

I consider the issues presented by Plaintiff's exceptions de novo.[12]  Court of Chancery Rule 15 governs amendments to pleadings.  Rule 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires.[13]

Rule 15(aaa) governs "[w]hen a party seeks to amend its pleading in response to a motion to dismiss."[14]  It states:  "Notwithstanding subsection (a) of this Rule, a party that wishes to respond to a motion to dismiss under Rules 12(b)(6) or 23.1 by amending its pleading must file an amended complaint, or a motion to amend in conformity with this Rule, no later than the time such party's answering brief in response to either of the foregoing motions is due to be filed."[15]  "Rule 15(aaa) is not applicable to an amendment that states a new claim not addressed in a motion

---

[11] D.I. 75, D.I. 76, D.I. 80.

[12] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[13] Ct. Ch. R. 15(a).

[14] *TVI Corp. v. Gallagher*, 2013 WL 5809271, at *20 (Del. Ch. Oct. 28, 2013).

[15] Ct. Ch. R. 15(aaa).

to dismiss."[16]   That is so even where such an amendment was sought while the motion to dismiss was pending.[17]   The addition of new claims that would not have informed the Court's decision on a pending motion to dismiss is assessed under Rule 15(a).[18]

If Plaintiff's First Motion had proposed amendments to his allegations and pending claims subject to the motion to dismiss he had already opposed, Rule 15(aaa) would have governed, and it would have been appropriate to stay consideration of the First Motion.[19]   But the First Motion seeks to add DNREC as a party and to plead additional claims against DNREC, together with Atlantic Concrete, based on violations of the Coastal Zone Act—claims that were not within the purview of the motion to dismiss.[20]   Based on my review of the docket, I do not believe Plaintiff "wish[ed] to respond to a motion to dismiss . . . by amending [his] pleading"—he wished to add a party and a new legal theory

---

[16] *In re USG Corp. S'holder Litig.*, 2021 WL 930620, at *2 (Del. Ch. Mar. 11, 2021).

[17] *TVI Corp.*, 2013 WL 5809271, at *21.

[18] *Id.*

[19] *See Hillblom v. Wilmington Tr. Co.*, 2022 WL 17428978, at *4–6 (Del. Ch. Dec. 6, 2022); *Kablaoui v. Gerar Place Condo. Ass'n*, 2022 WL 17827089, at *1, *4 (Del. Ch. Dec. 21, 2022) (where plaintiff sought "to supplement an insufficient complaint after answering a motion to dismiss, attempting thereby to include facts and allegations known to that plaintiff before he filed the answer to the motion, and tailored to defeat the motion," that motion was clearly "responsive to the pending motion to dismiss," and Rule 15(aaa) was instructive).

[20] D.I. 62.

independent from the motion to dismiss other claims against existing parties.[21]

Plaintiff has indicated that the timing of the First Motion is based on the timing of his factual investigation, not the timing of the motion to dismiss.[22] Plaintiff stood on his complaint against the moving defendants and opposed their motion to dismiss, as Rule 15(aaa) intends, and he has not taken exception to the Final Report granting that motion.[23] The First Motion does not squarely fall within Rule 15(aaa). I conclude the First Motion is generally governed by Rule 15(a)'s liberal standard, not Rule 15(aaa)'s good cause standard. Any additional allegations regarding the claims subject to dismissal are subject to Rule 15(aaa).[24]

That conclusion begs the question of what to do next. Plaintiff has not taken exception to the Magistrate's conclusion that his original claims, against Atlantic Concrete Company and Sussex County, should be dismissed in favor of the first-filed Board of Adjustment proceeding. For what it is worth, I believe the Magistrate's reasoning and conclusion on that point are sound, and that the Final

---

[21] *See* Ct. Ch. R. 15(aaa); *TVI Corp.*, 2013 WL 5809271, at *21.

[22] D.I. 59 ¶ 4; D.I. 80 at 5 ("[T]he motions to amend do not ask that the Master revisit the deferral of the zoning claims to the BOA, but only to amend the complaint.").

[23] D.I. 75, D.I. 80; *see Lillis v. AT&T Corp.*, 896 A.2d 871, 878 (Del. Ch. 2005).

[24] *TVI Corp.*, 2013 WL 5809271, at *21.

Report should be adopted.[25] With Counts I and II against Atlantic Concrete Company and Sussex County dismissed, the question remains whether the First Motion to plead the new counts against DNREC and Atlantic Concrete under the Coastal Zone Act should be granted under Rule 15(a). I remand this question for the Magistrate's review.

Briefing on Plaintiff's exceptions also addressed the Second Motion. I do not have authority to decide the Second Motion: that should be heard by the Magistrate in the first instance. I leave it to the Magistrate to decide if the parties' briefing submitted on exception adequately addresses the Second Motion, and leave this matter to her capable jurisdiction.

### III. Conclusion

This matter is remanded to the Magistrate for consideration of the First Motion under Rules 15(a) and 15(aaa) as set forth above, and for consideration of the Second Motion in the first instance.

Sincerely,

*/s/ Morgan T. Zurn*
Vice Chancellor

cc: All Counsel of Record, via *File & ServeXpress*

---

[25] Because I have been assigned this matter only to consider Plaintiff's exceptions, and he did not take exception to that reasoning or conclusion, my belief may be worth nothing; adopting the Final Report may still be a task for the Chancellor, as it is in cases in which no exceptions were taken.